UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

BEATRIZ DIMOU,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY,

    Defendant.

_____/

# COMPLAINT

Plaintiff, BEATRIZ DIMOU, sues Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, and alleges:

## A. Summary of Case

1. This is a trip-and-fall, personal-injury/negligence case brought by a cruise-ship passenger against a cruise line.

## B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of New York.

    (b) The Defendant is a corporation incorporated under the laws of Bermuda, and the Defendant's principal place of business is in Florida.

    (c) The amount in controversy, without interest and costs, exceeds $75,000.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in the

United States District Court in Miami, Florida.

## C.  Maritime Law

4. This case is governed by the general maritime law.

## D.  Three Counts of Negligence

### Count 1
### Negligence: Tripping Hazard

5. On or about December 22, 2019, the Plaintiff was a fare-paying passenger aboard *Norwegian Sun,* a cruise ship owned and operated by the Defendant.

6. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

7. At that time and place, the Defendant breached its duty of care toward the Plaintiff by permitting the threshold in a doorway in a public area of the ship to be excessively and unexpectedly high, causing the Plaintiff, age 80, to trip on the threshold, and fall and badly injure herself.

8. The Defendant knew about this hazard or the hazard had existed for a sufficient length of time that the Defendant should have known about it or the condition occurred with regularity and was therefore foreseeable.

9. When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

10.     The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for more than $75,000 in damages against the Defendant, and the Plaintiff demands a jury trial.

**Count 2**
**Negligence: Failure to Warn**

11.     On or about December 22, 2019, the Plaintiff was a fare-paying passenger aboard *Norwegian Sun,* a cruise ship owned and operated by the Defendant.

12.     At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

13.     At that time and place, the Defendant breached its duty of care toward the Plaintiff by failing to warn the Plaintiff about a threshold in a doorway in a public area of the ship that was excessively and unexpectedly high, causing the Plaintiff, age 80, to trip over the threshold and fall and badly injure herself.

14.     The Defendant's failure to warn the Plaintiff about this hazard includes the Defendant's failure to make the hazard more visible by painting it or marking it in a way that would cause an elderly passenger to notice its unusual height.

15.     When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

16.     The Plaintiff has performed all conditions precedent to be performed by her, or

the conditions have occurred.

Therefore, the Plaintiff demands judgment for more than $75,000 in damages against the Defendant, and the Plaintiff demands a jury trial.

## Count 3
### Negligence: Substandard Medical Care

17. On or about December 22, 2019, the Plaintiff was a fare-paying passenger aboard *Norwegian Sun,* a cruise ship owned and operated by the Defendant.

18. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

19. At that time and place, the Defendant breached its duty of care toward the Plaintiff, age 80, by providing her with substandard medical care after she tripped and fell:

   (a) At the ship's medical center, the doctor first advised the Plaintiff that she didn't have a fracture and just needed to take pain medication.

   (b) The next day the doctor told the Plaintiff that she "might" have a fracture.

   (c) Two days later, when the Plaintiff's pain became unbearable, the Plaintiff's family decided to leave the cruise and fly the Plaintiff from Mexico to a hospital in Austin, Texas.

   (d) At the hospital, the Plaintiff was advised that she had an "obvious" fracture in her hip that required immediate surgery.

20. As a result of the Defendant's failure to properly diagnose and treat the Plaintiff's fractured hip, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and

the Plaintiff will suffer these losses in the future.

21. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for more than $75,000 in damages against the Defendant, and the Plaintiff demands a jury trial.

Dated: November 6, 2020　　　　　　　　Respectfully submitted,

> David W. Singer (Florida Bar No. 306215)
> dsingeresq@aol.com
> Peter G. Walsh (Florida Bar No. 970417)
> pwalsh@1800askfree.com
> David W. Singer & Associates, PA
> 1011 South Federal Highway
> Hollywood, FL  33020
> Tel: (954) 920-1571
> Attorneys for the Plaintiff, Beatriz Dimou